IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSSELL WINSTON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>COMMONWEALTH OF PENNSYLVANIA )<br>BOARD OF PROBATION AND PAROLE, )<br>)<br>Respondent. ) | Civil Action No. 04-68 Erie<br>JUDGE SEAN McLAUGHLIN<br>MAGISTRATE JUDGE BAXTER |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus be dismissed, that a certificate of appealability be denied, and that petitioner's motion for summary judgment (Docket #23) be denied.

### II.  REPORT

Russell Winston is a state prisoner who asserts that the Pennsylvania Board of Probation and Parole failed to give him credit against his sentence for time served while he was in the custody of New Jersey authorities.  This, he asserts, was improper as he was released from Pennsylvania custody for the express purpose of serving a "concurrent" sentence in New Jersey.  Winston is currently serving his Pennsylvania sentence, which would be shortened significantly if he were given the credit he believes he deserves. The Commonwealth has responded to the petition (Docket #18) and it is ripe for disposition.

#### A.  Exhaustion and procedural default.

The Commonwealth first asserts that petitioner has failed to exhaust state court remedies, or, in the alternative, that Winston has procedurally defaulted his claim in the state courts.  Winston presented his claim concerning computation of parole time to the

Commonwealth Court of Pennsylvania and that court denied relief on September 16, 2003 (Exhibit attached to Docket #18). Winston did not, however, seek discretionary review in the Supreme Court of Pennsylvania as permitted by state law. 42 Pa.C.S.A. §724(a); Pa.R.A.P. 1112(b). In the Commonwealth's view, this is a procedural misstep which requires dismissal either on the basis of a failure to exhaust available state court remedies, or due to a state court procedural default.

In order to comply with the exhaustion requirement, a federal habeas petition must normally present his claim to the state's highest court. Evans v. Court of Common Pleas, 959 F.2d 1227, 1230 (3d Cir.1992) (emphasizing that, to satisfy the exhaustion requirement, "[a] claim must be presented not only to the trial court but also to the state's intermediate court as well as its supreme court"). That has changed in some respects for habeas petitions filed by Pennsylvania prisoners with the advent of Rule of Judicial Administration 218, adopted by the Pennsylvania Supreme Court on May 9, 2000:

> [A] litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error. When a claim has been presented to the Superior Court, or to the Supreme Court of Pennsylvania, and relief has been denied in a final order, the litigant shall be deemed to have exhausted all available state remedies for purposes of federal habeas corpus relief.

"In practical effect, Order 218 serves to excuse habeas petitioners from the onus of having to seek discretionary review in the Pennsylvania Supreme Court in order to satisfy the exhaustion requirements of 28 U.S.C. § 2254(b) and (c))." Bowen v. Blaine, 243 F.Supp.2d 296, 303 (E.D.Pa. 2003).

However, by its own terms Order 218 applies to "appeals from criminal convictions or post-conviction relief matters" and is specifically limited to appeals from the Pennsylvania Superior Court. See Order No. 218, Jud. Admin. Doc. No. 1, captioned: "In re

2

Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases."  Here, by contrast, Winston is seeking review of an administrative decision by the Board of Probation and Parole, and Winston's right to file a discretionary appeal was from an order of the Commonwealth Court of Pennsylvania.  Neither administrative appeals nor appeals from Commonwealth Court are mentioned in Order 218.  Thus, Order 218 has no application here, and Winston failed to seek the required discretionary review in the Supreme Court of Pennsylvania for exhaustion.

This, however, does not necessarily mean that Winston's claim is barred by a failure to exhaust state court remedies.  "If a claim has not been fairly presented to the state courts but state law clearly forecloses review, see Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir.1998), 28 U.S.C. § 2254(b)(1)(B) (1988) (amended 1996), exhaustion is excused, see, e.g., Lambert [v. Blackwell], 134 F.3d [506] at 513, 517-19 [(3d Cir. 1997)]; Doctor v. Walters, 96 F.3d 675, 681 (3d Cir.1996), but the doctrine of procedural default may come into play." Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002).  Thus, even though Winston has failed to comply with the exhaustion requirement in this case, exhaustion may be excused due to the lack of any further means by which Winston may now obtain state court review of his claims.

Winston's failure to seek discretionary review in the Supreme Court of Pennsylvania is, however, a state court procedural default which now bars federal habeas review absent a showing of cause and prejudice. See Beaty v. Patton, 700 F.2d 110, 111-12 (3d Cir.1983)(finding procedural default for failure to file a petition for allocatur in the Pennsylvania Supreme Court); Coleman v. Thompson, 501 U.S. 722, 750 (1991).  A state's procedural rules are entitled to deference by federal courts, and violation of a state procedural rule may constitute an independent and adequate state ground for denial of federal review of habeas claims. Coleman v. Thompson, 501 U.S. at 750.  Violations of a state's procedural rules may constitute an independent and adequate state ground sufficient to invoke the procedural default doctrine even where no state court has concluded that a petitioner is procedurally barred from raising his claims.  Glass v. Vaughn, 65 F.3d 13, 15 (3d Cir. 1995), cert. denied, 116 S.Ct. 1027 (1996); Carter v. Vaughn, 62 F.2d at 595.

Federal habeas review is not available to a petitioner whose constitutional claims have not been addressed on the merits due to procedural default unless such petitioner can demonstrate: 1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or 2) failure to consider the claims will result in a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

The cause standard is satisfied when a petitioner demonstrates that some objective factor external to the defense impeded his efforts to raise the claim in state court. McCleskey v. Zant, 499 U.S. 467, 493 (1991); Murray v. Carrier, 477 U.S. 478, 488 (1986). Winston does not assert cause for his failure to seek allowance of appeal from Commonwealth Court's order. Accordingly, the Court need not consider the question of actual prejudice. See Murray v. Carrier, 477 U.S. 527, 533 (1986).

Finally, although Winston has not demonstrated the necessary "cause," this court may still review his claims if he can show that a "fundamental miscarriage of justice would result from a failure to entertain the claim." McCleskey, 499 U.S. at 495. The court may, in its discretion, correct a fundamental miscarriage of justice if it appears that a "constitutional violation probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496. See also Coleman, 501 U.S. at 748; McCleskey, 499 U.S. at 502. Of course, in this instance, the issue is not Winston's guilt of an underlying crime, but is, instead, whether the computation of the backtime he owes to the Pennsylvania authorities was correct. The Court is, therefore, not convinced that the miscarriage of justice exception has any application in this case at all. Even if it did, however, an allegation that a state has failed to properly apply its own law in computing parole backtime simply does not rise to constitutional magnitude, and would not support a finding that a fundamental miscarriage of justice has occurred. Thus, Winston's claim is barred by a state court procedural default, and no exception to that doctrine applies in this case.

**B.    Merits.**

In any event, the claim raised lacks merit. "[T]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."

Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).  However, the Third Circuit has held that "even if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." Block v. Potter, 631 F.2d 233, 236 (3d Cir.1980).  In this case, Winston asserts that the "impermissible reason" for denying him immediate parole upon his return from New Jersey custody is that Board erred in applying Pennsylvania law by failing to give him credit for time served in New Jersey.  The state court's analysis of this issue is fatal to petitioner's claim:

> As our Supreme Court stated in Rivenbark v. Pennsylvania Board of Probation and Parole, 509 Pa. 248, 252, 501 A.2d 1110, 1112 (1985): "The granting and rescinding of parole are purely administrative functions."  Moreover, "[t]he availability of parole is not a constitutional guarantee." Id., at 253, 501 A.2d at 1113.  Instead, "[p]arole is a method of rehabilitation enacted as the public policy of the Commonwealth pursuant to the General Assembly's exclusive power to determine the penological system of the Commonwealth." Id. At 253-4, 501 A.2d at 1113.
>
> Pursuant to Section 21.1(a) of what is popularly called the "Parole Act," Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §331.21a(a) [footnote omitted], **Winston was required to serve his new New Jersey sentence before he served his backtime**. See, e.g., Vance v. Pennsylvania Bd. of Probation and Parole, 741 A.2d 838, 840 n. 2 (Pa.Cmwlth. 1999)(stating "Section 21.1(a) of the Parole Act provides that backtime is to be served prior to the service of a new sentence in a state correctional institution, but is to follow the service of a new sentence outside of the jurisdiction of the Department of Corrections").  Although the Board released Winston to the New Jersey Authorities to begin his three-year sentence, the Board was merely complying with the mandate of Section 21.1(a) and had every right to order Winston to serve his parole violation backtime after New Jersey authorities relinquished him on December 2, 2002.  Contrary to Winston's assertion, the fact that the Board did so does not in any way violate principles of fundamental fairness or amount to an abuse of discretion.

(Exhibit to Docket #18 at 4-5)(emphasis supplied).

Pennsylvania law makes clear that the Board is vested with authority to revoke parole and to require a convicted parole violator to serve any or all of the remaining backtime owed on a sentence.  61 Penn. Stat. § 331.21a(a).  Moreover, the Parole Act prohibits the Board from granting a convicted parole violator any credit on his original sentence for the time spent at liberty on parole. Id.  See Shaw v. Pennsylvania Board of Probation and Parole, 671 A.2d 290,

292 (Pa. Commw. 1996); Krantz v. Pennsylvania Bd. of Probation and Parole, 86 Pa. Commw. 38, 42, 483 A.2d 1044, 1047 (1984).  And, as the state court held in this case, the Parole Act directs that service of backtime is to occur after the service of a new sentence in another jurisdiction. Vance, supra.  It follows, then, that the Board did not violate state law in computing Winston's backtime as it did.  Therefore, the Board has not calculated petitioner's backtime in such a fashion as to unconstitutionally increase his confinement beyond the period originally imposed, and this petition should be denied.

### C. Certificate of Appealability.

A certificate of appealability may be granted to a habeas petitioner who makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).  No such showing has been made in this case, and the certificate should be denied.

### D. Petitioner's motion for summary judgment (Docket #23).

Winston has moved for summary judgment on the basis of the same argument he makes in his petition.  While it is not necessarily improper for a habeas petitioner to file a motion for summary judgment, the motion is superfluous since the court is prepared to rule on the petition and the response. See Ukawabutu v. Morton, 997 F.Supp. 605, 608 (D.N.J. 1998)(motion to dismiss may be permitted in habeas proceeding); Atkins v. United States, 1990 WL 126196, *3 (D.N.J. Aug.27, 1990) ("Given the nature of a habeas corpus petition, motions for summary judgment are unnecessary because petitions may be decided immediately by the court following submission of the pleadings, provided no material issues of fact exists.").  Further, the motion would be denied in any event since, as illustrated above, Winston is not entitled to relief.  Thus, the motion for summary judgment (Docket #23) should be denied.

### **CONCLUSION**

Wherefore, on the basis of the foregoing, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed and that a certificate of appealability be denied.

It is further recommended that petitioner's motion for summary judgment (Docket #23) be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

      /s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: July 22, 2005

cc:    The Honorable Sean J. McLaughlin
United States District Judge

Russell Winston, CT-3071
SCI Albion
10745 Route 18
Albion, PA 16475-0002

Kemal A. Mericli, Esquire
Deputy Attorney General
Office of Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219